IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL COOK, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-751 |
| | : | |
| v. | : | |
| | : | |
| MARK CAPOZZA, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                                                  February 27, 2018

      The *pro se* petitioner has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, an application for leave to proceed *in forma pauperis*, a motion for leave to file an original and one copy of the petition and a request for appointment of counsel, and a motion for a stay pending the disposition on appeal. As discussed in more detail below, although the court will grant the petitioner's application to proceed *in forma pauperis* and finds good cause to grant his motion for leave to file an original and only one copy of the instant habeas petition, the court will deny his requests for the appointment of counsel and to have this matter stayed and abeyed while he exhausts his claims in the state courts. In addition, as the petitioner has failed to exhaust his available state court remedies, the court will dismiss the instant petition without prejudice to the petitioner to file a new petition once he fully exhausts his claims in the state courts.

# I. FACTUAL AND PROCEDURAL HISTORY

A jury convicted the *pro se* petitioner, Daryl Cook ("Cook"), of third-degree murder on July 13, 2010.[1] *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF p. 3, Doc. No. 1; *see also Commonwealth v. Cook*, No. 2712 EDA 2010, 2014 WL 10965084, at *3 (Pa. Super. Mar. 21, 2014).[2] The trial court sentenced Cook to a minimum of 20 years to a maximum of 40 years of state incarceration on August 26, 2010. *See* Pet. at ECF p. 3; *see also Cook*, 2014 WL 10965084, at *3. Cook filed an appeal to the Superior Court of Pennsylvania, and the Superior Court affirmed his judgment of sentence on March 21, 2014. *See* Pet. at ECF p. 4; *see also Cook*, 2014 WL 10965084, at *7. Cook then filed a petition for an allowance of appeal with the Supreme Court of Pennsylvania, and the Court denied the petition on August 26, 2014.[3] *See* Pet. at ECF p. 5.

After unsuccessfully pursuing his claims on direct appeal, Cook filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546 ("PCRA") on March 5, 2015. *See id.* Apparently, the PCRA court dismissed the petition on May 16, 2017. *See id.* at ECF p. 6. Cook has appealed from this decision to the Superior Court. *See* Mot. for Stay Pending Disposition of Appeal Process in State Court at 1 (indicating that he has appealed from the PCRA dismissal order to the Superior Court).

On January 30, 2018, Cook filed three documents with the clerk of court: (1) a habeas petition under 28 U.S.C. § 2254; (2) a motion for leave to file an original and one copy of the habeas petition and request for the appointment of counsel; and (3) a motion for a stay pending

---

[1] The Court of Common Pleas of Philadelphia County assigned the matter as case number CP-51-CR-10093-2008.
[2] Cook attached a copy of the opinion in *Commonwealth v. Cook* to the petition. *See* Pet at Ex. B. His copy contains numerous handwritten notations.
[3] There is no indication in the record that Cook filed a petition for a writ of certiorari with the United States Supreme Court following the Supreme Court of Pennsylvania denying the petition for an allowance of appeal.

resolution of Cook's appeal from the dismissal of his first PCRA petition. *See* Doc. Nos. 1-3.[4]
Cook has also applied to proceed *in forma pauperis* (the "IFP Application") and separately filed a prisoner trust account statement. *See* Doc. Nos. 1, 4. The court will address the IFP application, the various motions, and the habeas petition in turn.[5]

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*, the relevant statute provides in pertinent part as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a) (alteration to original). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among

---

[4] Under the "prisoner mailbox rule," a *pro se* prisoner's habeas petition is considered filed on the date the prisoner delivers the petition to prison authorities for filing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *see Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (explaining that "a pro se prisoner's . . . petition is deemed filed at the moment he delivers it to prison officials for mailing"). Here, the petitioner submitted a declaration that he placed the petition in the prison mailing system on January 31, 2018. *See* Pet. at ECF p. 18. The court has used this date as the filing date for the petitioner's submissions.

[5] Cook has previously filed two petitions for writs of habeas corpus pertaining to his underlying conviction at No. CP-51-CR-10093-2008. *See* Pet. at ECF p. 15; *Cook v. Coleman, et al.*, No. 11-cv-3188 (E.D. Pa.); *Cook v. Coleman, et al.*, No. 12-cv-1406 (E.D. Pa.). Cook filed both petitions while his direct appeal was pending before the Superior Court. In both cases, other judges of this court dismissed the petitions without prejudice due to Cook's failure to exhaust. *See* Order, *Cook v. Coleman, et al.*, No. 11-cv-3188 (E.D. Pa.) (Pollak, J.), Doc. No. 2; Order Adopting R. & R., *Cook v. Coleman, et al.*, No. 12-cv-1406 (E.D. Pa.) (Bartle, III, J.), Doc. No. 14. In addition, Cook appealed from both orders to the Third Circuit Court of Appeals and the Third Circuit declined to issue a certificate of appealability in both cases. *See* Order, *Cook v. Coleman, et al.*, No. 11-cv-3188 (E.D. Pa.), Doc. No. 12; Order, *Cook v. Coleman, et al.*, No. 12-cv-1406 (E.D. Pa.), Doc. No. 21.

other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x. 130, 131-32 (3d Cir. 2008) (per curiam) (alteration to original) (footnote omitted).

Concerning the litigant's financial status, the litigant must establish that he or she is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. We review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis.*" *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the application to proceed *in forma pauperis*, it appears that Cook is unable to pay the costs of suit. Therefore, the court grants him leave to proceed *in forma pauperis*.

**B.      The Motion For Leave To File An Original And One Copy Of The Written Habeas Petition**

Under Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petitioner is required to file an original and two copies of the habeas petition with the clerk of court. *See* Rules Governing Section 2254 Cases in the United States District Courts 3(a) ("An original and two copies of the petition must be filed with the clerk[.]"). Here, Cook seeks to be excused from this requirement and supply the court with the original and only one copy of the habeas petition because he cannot afford the cost to produce more than one copy of the petition. *See* Mot. for Leave to File Original and One Copy of the Within Pet. for Writ of Habeas Corpus and Appointment of Counsel Herein at 1, Doc. No. 2. The court finds that Cook

4

has set forth good cause to be excused from providing the two copies required by Rule 3(a) and, as such, will grant the motion.

### C. The Motion To Stay And Abey/Whether The Court Can Consider The Claims Raised In This Habeas Petition

Cook has moved to have the court stay and abey this case while his appeal from the dismissal of his PCRA petition remains pending with the Pennsylvania appellate courts. *See* Mot. for Stay Pending Disposition of Appeal Process in State Court at 1, Doc. No. 3. Cook clams that the stay is necessary "to protect him from being procedurally barred from filing his within Habeas Corpus petition." *Id.* He also asserts that without the stay, he "will not be able to pursue exhaustion of his PCRA appeal in the Superior Court which is still pending, without being procedurally barred from filing his habeas petition, because his time limitation for filing his habeas petition expire [sic] on May 16, 2018." *Id.* at 2 (emphasis in original). As an alternative claim, Cook requests that the court excuse him from exhausting his PCRA appellate remedies and grant him habeas relief. *Id.* at 1. As explained below, the court will deny both the request to stay this action and to excuse him from exhausting his state remedies. In addition, the court will dismiss the petition without prejudice due to Cook's failure to exhaust his state court remedies prior to filing the petition.

Before a federal court may grant habeas relief to a habeas petitioner, the petitioner must exhaust his or her remedies in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—**(A)** the applicant has exhausted the remedies available in the courts of the State." (emphasis in original)). This exhaustion requirement mandates that the

petitioner must "fairly present" the claim to the state courts. *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citation omitted). To do so, the petitioner must pursue his or her claim "through one complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006) (citation and internal quotation marks omitted). This gives "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

If a habeas petition contains unexhausted claims, the court may dismiss it without prejudice to the petitioner to refile the petition after the petitioner exhausts the claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). If the petitioner files a mixed petition, meaning a petition containing exhausted and unexhausted claims, a district court may stay the petition "rather than dismiss, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court." *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 275 (2005)). The Supreme Court has cautioned against liberal use of the stay and abey procedure because:

> [s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277. Thus, to justify a stay, a petitioner must satisfy three requirements: (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and

(3) the petitioner must not have engaged in intentionally dilatory litigation tactics. *Heleva*, 581 F.3d at 190, 192 (citing *Rhines*, 544 U.S. at 278).

In addition, "while it usually is within a district court's discretion to determine whether to stay or dismiss a mixed petition, staying the petition is the only appropriate course of action where an outright dismissal could jeopardize the timeliness of a collateral attack." *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) (citations and internal quotation marks omitted). As such, "[a] key pre-requisite to the granting of a stay under the standard of *Rhines* is that there be a real danger the petitioner would, after dismissal without prejudice of the federal habeas action, be time-barred upon his return to federal court after the state proceedings are no longer pending." *Osburne v. Kerestes*, No. 15-cv-6493, 2016 WL 2954162, at *4 (E.D. Pa. Mar. 31, 2016), *report and recommendation adopted*, 2016 WL 2939520 (E.D. Pa. May 19, 2016).

Here, Cook has rendered a review of the instant habeas petition more difficult because of the manner in which he has presented his claims. More specifically, he does not separate the claims into separate grounds in the petition and he appears to add different claims within the portion of the form requiring him to identify the facts supporting the claims.[6] *See, e.g.*, Pet. at ECF p. 11. Nonetheless, it appears that Cook has filed a mixed habeas petition insofar as it contains exhausted and unexhausted claims.[7]

The court will deny the motion for a stay because Cook is unable to satisfy the three requirements in *Rhines*. In particular, the court need not analyze the second and third requirements because Cook cannot show good cause for the failure to exhaust. Contrary to his

---

[6] Cook also references documents that he claims are attached to the habeas petition, such as his PCRA petition, but those documents are not attached to the habeas petition.

[7] An example of his exhausted claims is his contention that the jury's verdict was not supported by sufficient evidence. *See* Pet. at ECF pp. 12-13. He also appears to include claims of ineffective assistance of counsel and, according to the PCRA court's opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), he had asserted numerous claims as part of his PCRA petition. *See id.* at ECF pp. 45-63. Even if the petition contained only unexhausted claims, the court could stay and abey the petition if the three requirements in *Rhines* are satisfied. *See Heleva*, 581 F.3d at 190, 192.

assertions, Cook is not faced with a timeliness issue with respect to seeking federal habeas relief. His judgment of sentence became final on November 24, 2014, which was 90 days after the Supreme Court of Pennsylvania denied his petition for allowance of appeal on August 26, 2014, and the time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); 42 Pa. C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

Cook then timely filed a PCRA petition on March 5, 2015, which was 101 days after his judgment of sentence became final. When Cook timely filed the PCRA petition, he tolled the statute of limitations period for a federal habeas petition with 264 days remaining in the period.[8] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Cook is therefore mistaken when he states that the statute of limitations to file his federal habeas petition expires on May 16, 2018. Therefore, Cook has not shown that he has any timeliness issues with respect to his PCRA and has otherwise failed to demonstrate good cause for the failure to exhaust. As such, the court will not exercise its discretion to stay and abey this matter pending exhaustion in the state courts and will deny the motion to stay and abey.[9]

---

[8] Cook has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a habeas petition. 28 U.S.C. § 2244(d)(1)(A).

[9] Similarly, the court finds no basis to excuse Cook from exhausting his claims and granting the relief requested in the habeas petition.

Additionally, as Cook has unexhausted claims, this court cannot consider the claims until the Pennsylvania state courts have resolved the claims.[10] Accordingly, the court will dismiss the instant habeas petition without prejudice to Cook to file a new habeas petition once he has fully exhausted his claims in the state courts.[11]

### D. Certificate of Appealability

To be entitled to a certificate of appealability, Cook would have to show that, *inter alia*, reasonable jurists would debate whether this court was correct in its ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("To obtain a COA under § 2253, a habeas petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes a showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement further." (internal citations and question marks omitted)). The court does not find that a reasonable jurist would disagree with the court's assessment of Cook's claims; accordingly, the court will not issue a certificate of appealability.

### III. CONCLUSION

Cook has put forward a mixed habeas petition in which he appears to have not exhausted multiple claims in the state courts insofar as he is still awaiting to exhaust his state court remedies with respect to the PCRA court's dismissal of his first PCRA petition. Although the court will grant leave Cook to proceed *in forma pauperis* and allow him to file only one copy of his habeas petition along with the original, the court will deny his request to stay and abey this

---

[10] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts:
> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing Section 2254 Cases in the United States District Courts 4.

[11] As the court is dismissing the instant petition, the court will also deny Cook's request for the appointment of counsel.

action while he exhausts his state court remedies. With regard to this request to stay and abey, Cook does not appear to have any timeliness issues and is mistaken as to when the statute of limitations applicable to filing a habeas petition would expire. Since he timely filed his first PCRA petition, the statute of limitations is tolled until he exhausts his state court remedies on his first PCRA. After those proceedings eventually conclude, and presuming he does not obtain any post-conviction collateral relief in the state court, he would still have 264 days to file a habeas petition in federal court. Therefore, he has not established good cause for this court to stay the action pending exhaustion of his claims in the state courts. Additionally, as Cook is required to exhaust his claims prior to filing any federal habeas petition under section 2254, this court cannot consider the claims at this point and will dismiss the petition without prejudice to him filing a new habeas petition after he exhausts his state court remedies. The court will also deny his request for counsel at this time. The court further finds no cause to issue a certificate of appealability.

        The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.